Dear Mr. Schwartz:
Please be advised that the office of the Attorney General is in receipt of your opinion request regarding public access to the District Attorney's files. Specifically you ask the following question:
 (1) Are there any legal impedements or prohibitions against sending a copy of a taped confession to the victim's family where the defendant has pled to manslaughter and was placed on active probation?
The applicable law controlling the above question is the Louisiana Public Records Act, La. R.S. 44:1 et seq. In particular, La. R.S. 44:1 provides in pertinent part:
 (2) All books, records, writings, accounts . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function . . . of the state . . . are public records, except as otherwise provided in this Chapter or as otherwise specifically provided by law.
The supreme court in Title Research Corp. v. Rausch, 450 So.2d 933
(La. 1984) stated the following:
 The Public Records Act must be liberally construed in favor of public access which is guaranteed by LSA Constitution Article 12, Sec. 3, as implemented by the Public Records Act. Access to a public record can be denied only when the law specifically and unequivocally provides against access.
With this in mind we will now consider La. R.S. 44:3, which provides in pertinent part:
 A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of . . . district attorneys . . . which are:
 (1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been fully adjudicated or otherwise settled.
Subsection A above provides the pending criminal litigation exception to the Public Records Law. This section provides that a person shall have access to a District Attorney's records pertaining to criminal litigation after the criminal litigation is "finally adjudicated or otherwise settled."
The court in Harrison v. Norris 569 So.2d 585 (La.App. 2d Cir. 1990) defined reasonably anticipated litigation as follows:
 Litigation is "finally adjudicated" when the conviction becomes final (C.Cr.P Art. 922) or is "otherwise settled" either by dismissal or by nolle prosse of the formal accusation by the District Attorney . . . Action for post-conviction relief is not "criminal litigation" within the meaning of the statute.
Here the court clarifies that the criminal litigation exception is only a temporary denial to a District Attorney's records and such records become public records when the judgment against the defendant becomes final. The court in Harrison (cited above) stated further:
 A judgment against the defendant will become final either by the defendant not seeking an appeal or not seeking appellate rehearing in an appeal within the delays provided or when rehearing is denied by the supreme court or the appellate court.
The supreme court confirmed the above appellate court's conclusions on the Public Records Act in the case of Lemmon v. Connick, 590 So.2d 574
(La. 1991) stating:
 Post conviction relief . . . is not "criminal litigation" within the meaning of this section of the Public Records Act. The reasons for this conclusion were well stated by the court of appeal in Harrison v. Norris . . .
The issue of whether the taped confession within the District Attorney's file can be accessed by the victim's family will hinge on whether a final judgment has been entered in the case. It is the opinion of the Attorney General that if a final judgment as defined by law has been entered, the file is now a public document that is subject to public examination.
I hope this opinion adequately addresses your question. If I may be of further assistance, please do not hesitate to contact my office.
With warmest regards, I remain
Very Truly Yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ TOBY J. AGUILLARD Assistant Attorney General